# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| C.S. b/n/f CHARLES E. SNEED, SR. and | § | |
| PAMELA J. PARKS, | § | |
| **Plaintiffs,** | § | |
| | § | |
| v. | § | Civil Action No. 1:19-cv-608 |
| | § | Jury Trial |
| AUSTIN INDEPENDENT SCHOOL | § | |
| DISTRICT, | § | |
| **Defendant.** | § | |

## AUSTIN INDEPENDENT SCHOOL DISTRICT'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES SUBJECT TO ITS RULE 12(B)(6) MOTION FOR PARTIAL DISMISSAL

## ANSWER[1]

### I.     BRIEF INTRODUCTION TO THE CASE

1.      Austin Independent School District (AISD or the District) admits that C.S. is an African-American student, as set forth in paragraph 1 of the complaint. AISD denies the remaining factual allegations in paragraph 1 of the complaint.

2.      AISD admits that C.S. is a student at James Bowie High School in the District, as alleged in paragraph 1 of the complaint. AISD denies the remaining factual allegations in paragraph 2 of the complaint.

3.      AISD denies the factual allegations in paragraph 3 of the complaint.

4.      AISD is without sufficient information to admit or deny the factual allegations set forth in paragraph 4 of the complaint.

---

[1] C.S.' complaint contains an unnumbered prefatory paragraph. To the extent the District is required to admit or deny the factual allegations in this paragraph, AISD admits C.S. has filed suit, but denies it violated C.S.' rights or that C.S. is entitled to any relief.

5.     AISD admits that Plaintiffs purport to bring claims pursuant to Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. and the 14th Amendment to the United States Constitution. AISD denies that Plaintiffs are entitled to relief under any of their claims.

## II.     JURISDICTION

6.     AISD admits the factual allegations set forth in paragraph 6 of the complaint.

7.     AISD admits this Court has jurisdiction to award attorney's fees and costs, but denies C.S. is entitled to any relief in this matter.

## III.     VENUE

8.     AISD admits the factual allegations set forth in paragraph 8 of the complaint.

## IV.     PARTIES

9.     AISD admits the factual allegations set forth in paragraph 9 of the complaint.

10.     AISD admits the factual allegations set forth in paragraph 10 of the complaint.

## V.     STATEMENT OF FACTS

11.     AISD admits the factual allegations as set forth in paragraph 11 of the complaint.

12.     AISD admits the factual allegations as set forth in paragraph 12 of the complaint.

13.     AISD admits the factual allegations as set forth in paragraph 13 of the complaint.

14.     AISD admits the factual allegations as set forth in paragraph 14 of the complaint.

15.     AISD admits that the Department of Education issued a notice of investigative guidance entitled "Racial Incidents and Harassment Against Students at Educational Institutions," 59 Fed. Reg. 47 (March 10, 1994), in which the Assistant Secretary for Civil Rights announced investigative guidance under Title VI of the Civil Rights Act of 1964 to provide procedures and analysis that the Office for Civil Rights staff will follow when investigating issues of racial incidents and harassment against students at educational institutions, as set forth in paragraph 15 of the complaint. AISD denies the remaining factual allegations set forth in paragraph 15 of the complaint.

16.     AISD admits that the Department of Education issued a notice of investigative guidance entitled "Racial Incidents and Harassment Against Students at Educational Institutions," 59 Fed. Reg. 47 (March 10, 1994), in which the Assistant Secretary for Civil Rights announced investigative guidance under Title VI of the Civil Rights Act of 1964 to provide procedures and analysis that the Office for Civil Rights staff will follow when investigating issues of racial incidents and harassment against students at educational institutions, as set forth in paragraph 16 of the complaint. AISD denies the remaining factual allegations set forth in paragraph 16 of the complaint.

17.     AISD denies the factual allegations set forth in paragraph 17 of the complaint.

18.     AISD admits the factual allegations set forth in paragraph 18 of the complaint.

19.    AISD admits that the Texas Association of School Boards issues Board policies, to those schools who purchase such resources, as well as information on such topics as harassment and bullying. AISD denies the remaining factual allegations set forth in paragraph 19 of the complaint.

20.    AISD is without sufficient information to admit or deny the factual allegations set forth in paragraph 20 of the complaint.

21.    AISD admits that Section 21.451 of the Texas Education Code, in part, mandates school districts provide staff development to an educator (other than a principal) in accordance with standards developed by the district and designed to improve education in the district, that may include training in preventing, identifying, responding to, and reporting incidents of bullying. AISD denies the remaining factual allegations set forth in paragraph 21 of the complaint.

22.    AISD is without sufficient information to admit or deny the factual allegations set forth in paragraph 22 of the complaint.

23.    AISD admits that Board Policy FFH(Local) addresses discrimination, harassment, and retaliation involving District students. AISD further admits that Policy FFH(Local) defines discrimination and harassment, including discrimination and harassment based on race and national origin, and prohibits retaliation against a student who reports, in good faith, harassment or discrimination. AISD also admits that Policy FFH(Local) outlines the investigation process for reports of harassment or discrimination of students. AISD denies the remaining factual allegations set forth in paragraph 23 of the complaint.

4

24.     AISD admits that, pursuant to FFH(Local), information regarding the policy and procedures shall be distributed annually in the employee and student handbooks, as well as copies of the policy and procedures shall be posted on the District's website and readily available in the District's administrative offices. AISD further admits that, pursuant to FFH(Local), the District should complete the investigation within ten (10) District business days from the date of report, absent extenuating circumstances, but also requires the District to take additional time if necessary to complete a thorough investigation. AISD further admits that FFH(Local) requires the investigator to prepare a written report of the investigation, in which a determination of whether prohibited conduct occurred, that is filed with the District official overseeing the investigation. AISD further admits that FFH(Local) allows for a dissatisfied student or parent to appeal through a separate Board Policy, FNG(Local), and mandates the student or parent shall be informed of the right to file a complaint with the Office for Civil Rights. AISD denies the remaining factual allegations set forth in paragraph 24 of the complaint.

25.     AISD admits that FFH(Local) provides a non-exhaustive list of potential corrective actions the District could take in order to reasonably address prohibited conduct found as a result of an investigation. AISD denies the remaining factual allegations set forth in paragraph 25 of the complaint.

26.     AISD admits that DMA(Legal) requires the District to provide staff development to an educator in accordance with standards developed by the District to improve education in the District, as governed by Section 21.451 of the Texas Education Code. AISD further admits that DMA(Legal) provides a non-exhaustive list of topics that

could be included in the staff development, but that the exact words of "implicit bias" and "unconscious bias" are not found in DMA(Legal). AISD denies the remaining factual allegations set forth in paragraph 26 of the complaint.

27.     AISD admits the factual allegations set forth in paragraph 27 of the complaint.

28.     AISD admits that C.S. is a student at James Bowie High School who participates in the FFA Program and has expressed intentions to be a Veterinarian. AISD denies the remaining factual allegations set forth in paragraph 28 of the complaint.

29.     AISD denies the factual allegations set forth in paragraph 29 of the complaint.

30.     AISD admits that C.S. participated in marching band. AISD denies the remaining allegations set forth in paragraph 30 of the complaint.

31.     AISD is without sufficient information to admit or deny the factual allegations set forth in paragraph 31 of the complaint.

32.     AISD admits the factual allegations set forth in paragraph 32 of the complaint.

33.     AISD admits C.S. was upset over an interaction with another student that occurred during the Indianapolis band trip. AISD denies the remaining factual allegations set forth in paragraph 33 of the complaint.

34.     AISD admits that an incident occurred between a group of former and current students and Ms. Parks. AISD denies the remaining factual allegations set forth in paragraph 34 of the complaint.

35.    AISD admits that Ms. Parks confronted a group of students. AISD denies the remaining factual allegations in paragraph 35 of the complaint.

36.    AISD denies the factual allegations set forth in paragraph 36 of the complaint.

37.    AISD admits Ms. Parks reported the incident to Ms. Leos. AISD denies the remaining factual allegations in paragraph 37 of the complaint.

38.    AISD is without sufficient information to admit or deny the factual allegations set forth in paragraph 38 of the complaint.

39.    AISD denies the factual allegations set forth in paragraph 39 of the complaint.

40.    AISD admits the factual allegations set forth in paragraph 40 of the complaint.

41.    AISD admits that Ms. Leos explained the incident had already been investigated. AISD denies the remaining allegations set forth in paragraph 41 of the complaint.

42.    AISD denies the factual allegations set forth in paragraph 42 of the complaint.

43.    AISD admits that Ms. Parks was offered an apology letter by a student. AISD denies the remaining factual allegations set forth in paragraph 43 of the complaint.

44.    AISD is without sufficient information to admit or deny the factual allegations set forth in paragraph 44 of the complaint.

45.     AISD admits that it addresses student and staff behavior as necessary to ensure the best culture on campus. AISD denies the remaining factual allegations set forth in paragraph 45.

46.     AISD admits the factual allegations set forth in paragraph 46 of the complaint.

47.     AISD is without sufficient knowledge to admit or deny the factual allegations set forth in paragraph 47 of the complaint.

48.     AISD denies the factual allegations set forth in paragraph 48 of the complaint.

49.     AISD admits that Mr. Pierce's employment contract was not renewed for the 2017-2018 school year. AISD further admits that after the 2016-2017 school year Ms. Black did not return to James Bowie High School.

50.     AISD admits the factual allegations set forth in paragraph 50 of the complaint.

51.     AISD is without sufficient information to admit or deny the factual allegation that Ms. Parks was asked to run for a position on the FFA Alumni Board for the 2017-2018 school year. AISD denies the remaining factual allegations set forth in paragraph 51 of the complaint.

52.     AISD denies the factual allegations set forth in paragraph 52 of the complaint.

53.     AISD denies the factual allegations set forth in paragraph 53 of the complaint.

54.     AISD admits the factual allegations set forth in paragraph 54 of the complaint.

55.     AISD denies the factual allegations set forth in paragraph 55 of the complaint.

56.     AISD denies the factual allegations set forth in paragraph 56 of the complaint.

57.     AISD admits Ms. Parks contacted the District office at some point. AISD denies the remaining factual allegations set forth in paragraph 57 of the complaint.

58.     AISD admits Dr. Shapiro responded to Ms. Parks. AISD denies the remaining factual allegations set forth in paragraph 58 of the complaint.

59.     AISD admits the new Principal met with Ms. Parks.  AISD denies the remaining factual allegations set forth in paragraph 59 of the complaint.

60.     AISD denies the factual allegations set forth in paragraph 60 of the complaint.

61.     AISD denies the factual allegations set forth in paragraph 61 of the complaint.

62.     AISD denies the factual allegations set forth in paragraph 62 of the complaint.

63.     AISD denies the factual allegations set forth in paragraph 63 of the complaint.

64.    AISD admits that practice for the horse judging competition team was held one hour prior to the start of school. AISD denies the remaining factual allegations set forth in paragraph 64 of the complaint.

65.    AISD denies the factual allegations set forth in paragraph 65 of the complaint.

66.    AISD admits that Ms. Stephens acknowledged C.S.' dedication to the horse judging competition practices. AISD denies the remaining factual allegations set forth in paragraph 66 of the complaint.

67.    AISD denies the factual allegations set forth in paragraph 67 of the complaint.

68.    AISD denies the factual allegations set forth in paragraph 68 of the complaint.

69.    AISD admits the factual allegations set forth in paragraph 69 of the complaint.

70.    AISD is without sufficient information to admit or deny the factual allegations set forth in paragraph 70 of the complaint.

71.    AISD is without sufficient information to admit or deny the factual allegations set forth in paragraph 71 of the complaint.

72.    AISD is without sufficient information to admit or deny the factual allegations set forth in paragraph 72 of the complaint.

73.    AISD is without sufficient information to admit or deny the factual allegations set forth in paragraph 73 of the complaint.

74.     AISD denies the factual allegations set forth in paragraph 74.

75.     AISD admits that, while at a FFA convention, another student told C.S. that she may have seen another student holding a vape in her hand. AISD denies the remaining allegations set forth in paragraph 75 of the complaint.

76.     AISD admits that when C.S. reported the misconduct to teachers, action was taken, including, but not limited to, the teachers investigating the claims by speaking to all accused parties. AISD is without sufficient information to admit or deny the remaining factual allegations set forth in paragraph 76 of the complaint.

77.     AISD denies the factual allegations set forth in paragraph 77 of the complaint.

78.     AISD denies the factual allegations set forth in paragraph 78 of the complaint.

79.     AISD denies the factual allegations set forth in paragraph 79 of the complaint.

80.     AISD admits that Ms. McGraw investigated the incident of a student using the word "nigger" to describe another student. AISD is without sufficient information to admit or deny the remaining factual allegations set forth in paragraph 80 of the complaint.

81.     AISD is without sufficient information to admit or deny the factual allegations set forth in paragraph 81 of the complaint.

82.     AISD admits Ms. McGraw investigated the incident of a student using the word "nigger" to describe another student, including meeting with Ms. Parks that same day.

83.     AISD admits Ms. McGraw is a graduate of Bowie High School. AISD is without sufficient information to admit or deny the remaining factual allegations set forth in paragraph 83 of the complaint.

84.     AISD admits that, at one point, Ms. Leos did become a part of the meeting between Ms. McGraw and Ms. Parks. AISD further admits that disciplinary actions taken against other students are confidential as a matter of federal law.

85.     AISD denies the factual allegations set forth in paragraph 85 of the complaint.

86.     AISD denies the factual allegations set forth in paragraph 86 of the complaint.

87.     AISD admits that disciplinary actions taken against other students are confidential as a matter of federal law. AISD further admits that it addresses student and staff behavior, as necessary, to ensure the best culture on campus. AISD denies the remaining allegations set forth in paragraph 87 of the complaint.

88.     AISD admits that Mr. Robinson attempted to offer support to Ms. Parks when Ms. Parks made a comment that she believed C.S. should transfer schools. AISD denies the remaining factual allegations set forth in paragraph 88 of the complaint.

89.     AISD denies the factual allegations set forth in paragraph 89 of the complaint.

90.     AISD denies the factual allegations set forth in paragraph 90 of the complaint.

91.     AISD admits that the FFA Alumni Association that Ms. Parks was a member of was dissolved when AISD acquired the property the FFA farm is operated on. AISD further admits that, like other extra-curricular activities, a Booster Club was formed for the FFA. AISD denies the remaining factual allegations set forth in paragraph 91 of the complaint.

92.     AISD denies the factual allegations set forth in paragraph 92 of the complaint.

93.     AISD denies the factual allegations set forth in paragraph 93 of the complaint.

94.     AISD denies that any AISD employee was spreading rumors about Mr. Sneed. AISD is without sufficient knowledge to admit or deny the factual allegations set forth in paragraph 94 of the complaint.

95.     AISD is without sufficient information to admit or deny the factual allegations set forth in paragraph 95 of the complaint.

96.     AISD denies the factual allegations set forth in paragraph 96 of the complaint.

97.     AISD denies the factual allegations set forth in paragraph 97 of the complaint.

98.     AISD admits that Mr. Robinson contacted Ms. Parks to remind her of the FFA Booster Club's policy regarding funds used to bid on animals. AISD denies the remaining factual allegations set forth in paragraph 98 of the complaint.

99.   AISD denies that Mr. Robinson's phone call, nor the policy of the FFA Booster Club regarding funds used to bid on animals, was racially motivated. AISD is without sufficient information to admit or deny the remaining factual allegations set forth in paragraph 99 of the complaint.

100.   AISD is without sufficient information to admit or deny the factual allegations set forth in paragraph 100 of the complaint.

101.   AISD admits that former student K.R. was arrested for trespassing. AISD denies the remaining factual allegations set forth in paragraph 101 of the complaint.

102.   AISD admits that a trespass warning was issued to former student K.R., who subsequently trespassed and was removed from AISD property. AISD further admits that K.R. posted on her social media account, calling Mr. Robinson a "nigger lover." AISD denies the remaining factual allegations set forth in paragraph 102 of the complaint.

103.   AISD denies that any District employee spread rumors about Plaintiffs. AISD is without sufficient information to admit or deny the remaining factual allegations set forth in paragraph 103 of the complaint.

104.   AISD denies that any District employee was a part of the factual allegations alleged in paragraph 104 of the complaint. AISD is without sufficient information to admit or deny the remaining factual allegations set forth in paragraph 104 of the complaint.

105.   AISD denies that any District employee was a part of the factual allegations alleged in paragraph 105 of the complaint. AISD is without sufficient information to admit or deny the remaining factual allegations set forth in paragraph 105 of the complaint.

106.    AISD denies that any District employee was a part of the factual allegations alleged in paragraph 106 of the complaint. AISD is without sufficient information to admit or deny the remaining factual allegations set forth in paragraph 106 of the complaint.

107.    AISD is without sufficient information to admit or deny to the factual allegations in paragraph 107 of the complaint.

108.    AISD admits that C.S. became upset at the TCYS county show and Ms. Stephens left the auction stage, and her duties, to comfort C.S. AISD denies the remaining factual allegation set forth in paragraph 108 of the complaint.

109.    AISD admits that, at some point, Ms. Parker also consoled C.S. prior to Mr. Sneed arriving to the TCYS county show. AISD denies the remaining factual allegations set forth in paragraph 109 of the complaint.

110.    AISD admits that Ms. Stephens, while consoling C.S., said words similar to those stated in paragraph 110 of the complaint in an effort to help the situation and provide a coping mechanism to C.S., who was in the middle of showing her animal at auction. AISD denies the remaining factual allegations set forth in paragraph 110 of the complaint.

111.    AISD denies the factual allegations set forth in paragraph 111 of the complaint.

112.    AISD denies the factual allegations set forth in paragraph 112 of the complaint.

113.    AISD denies the factual allegations set forth in paragraph 113 of the complaint.

114.   AISD denies the factual allegations set forth in paragraph 114 of the complaint.

115.   AISD denies the factual allegations set forth in paragraph 115 of the complaint.

116.   AISD denies the factual allegations set forth in paragraph 116 of the complaint.

117.   AISD denies the factual allegations set forth in paragraph 117 of the complaint.

118.   AISD denies the factual allegations set forth in paragraph 118 of the complaint.

119.   AISD denies the factual allegations set forth in paragraph 119 of the complaint.

120.   AISD denies the factual allegations set forth in paragraph 120 of the complaint.

121.   AISD denies the factual allegations set forth in paragraph 121 of the complaint.

122.   AISD denies the factual allegations set forth in paragraph 122 of the complaint.

123.   AISD denies the factual allegations set forth in paragraph 123 of the complaint.

124.   AISD denies the factual allegations set forth in paragraph 124 of the complaint.

125.    AISD denies the factual allegations set forth in paragraph 125 of the complaint.

126.    AISD denies the factual allegations set forth in paragraph 126 of the complaint.

127.    AISD denies the factual allegations set forth in paragraph 127 of the complaint.

128.    AISD denies the factual allegations set forth in paragraph 128 of the complaint.

129.    AISD denies the factual allegations set forth in paragraph 129 of the complaint.

130.    AISD denies the factual allegations set forth in paragraph 130 of the complaint.

131.    AISD denies the factual allegations set forth in paragraph 131 of the complaint.

132.    AISD denies the factual allegations set forth in paragraph 132 of the complaint.

133.    AISD denies the factual allegations set forth in paragraph 133 of the complaint.

134.    AISD denies the factual allegations set forth in paragraph 134 of the complaint.

135.    AISD denies the factual allegations set forth in paragraph 135 of the complaint.

136. AISD denies the factual allegations set forth in paragraph 136 of the complaint.

137. AISD denies the factual allegations set forth in paragraph 137 of the complaint.

## VI.  STATE ACTION

138. Paragraph 138 of the complaint does not contain factual allegations requiring admission or denial.

139. AISD denies the factual allegations set forth in paragraph 139 of the complaint.

## VII.  UNCONSTITUTIONAL POLICIES, PROCEDURES, PRACTICES & CUSTOMS

140. AISD denies the factual allegations set forth in paragraph 140 of the complaint.

141. AISD denies the factual allegations set forth in paragraph 141 of the complaint.

142. AISD denies the factual allegations set forth in paragraph 142 of the complaint.

143. AISD denies the factual allegations set forth in paragraph 143 of the complaint.

144. AISD denies the factual allegations set forth in paragraph 144 of the complaint.

## VIII.  CLAIMS PURSUANT TO TITLE VI OF THE CIVIL RIGHTS ACT OF 1964

145.    Paragraph 145 of the complaint does not contain factual allegations requiring admission or denial.

146.    AISD denies the factual allegations set forth in paragraph 146 of the complaint.

147.    AISD denies the factual allegations set forth in paragraph 147 of the complaint.

148.    AISD denies the factual allegations set forth in paragraph 148 of the complaint.

149.    AISD denies the factual allegations set forth in paragraph 149 of the complaint.

## IX.    RATIFICATION

150.    Paragraph 150 of the complaint does not contain factual allegations requiring admission or denial.

151.    AISD denies the factual allegations set forth in paragraph 151 of the complaint.

152.    AISD denies the factual allegations set forth in paragraph 152 of the complaint.

## X.    PROXIMATE CAUSE

153.    Paragraph 153 of the complaint does not contain factual allegations requiring admission or denial.

154.    AISD denies the factual allegations set forth in paragraph 154 of the complaint.

## XI.    DAMAGES

155.    Paragraph 155 of the complaint does not contain factual allegations requiring admission or denial.

156.    AISD denies the factual allegations set forth in paragraph 156, a. – h., of the complaint.

## XII.    ATTORNEY FEES

157.    Paragraph 157 of the complaint does not contain factual allegations requiring admission or denial.

158.    AISD denies the factual allegations set forth in paragraph 158 of the complaint.

## XIII.  SPOLIATION

159.    Paragraph 159 of the complaint does not contain factual allegations requiring admission or denial.

160.    Paragraph 160 of the complaint does not contain factual allegations requiring admission or denial.

## XIV.  DEMAND FOR JURY TRIAL

161.    Paragraph 161 of the complaint does not contain factual allegations requiring admission or denial.

## PRAYER

This section of the complaint does not contain any factual allegations requiring specific admission or denial. However, to the extent an admission or denial is required, AISD denies Plaintiffs are entitled to any relief.

## AFFIRMATIVE DEFENSES

1.      Plaintiffs fail to state a claim for which relief can be granted.

2.      To the extent pled, Charles Sneed and Pamela Parks lack standing to assert their own claims against AISD.

3.      AISD is immune from Plaintiffs claims seeking monetary damages under the Texas Constitution, to the extent a cause of action is asserted.

Respectfully submitted,

ROGERS, MORRIS & GROVER, L.L.P.

JONATHAN G. BRUSH
State Bar No. 24045576
Federal I.D. No. 619970
Email: jbrush@rmgllp.com
AMY DEMMLER
State Bar No. 24092337
Federal I.D. No. 3227731
Email: ademmler@rmgllp.com
ROGERS, MORRIS & GROVER, L.L.P.
5718 Westheimer, Suite 1200
Houston, Texas  77057
Telephone:   713/960-6000
Facsimile:   713/960-6025

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2019, a true and correct copy of the foregoing document was filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Martin J. Cirkiel
(*Via Email:* marty@cirkielaw.com)

I further certify that I have sent by electronic mail a true and correct copy of the foregoing document to the following:

Anthony O'Hanlon
(*Via Email:* anthony@ohanlonlaw.net)

_____
Attorney for Defendant