| STUDENT WELFARE | FFH |
|---|---|
| FREEDOM FROM DISCRIMINATION, HARASSMENT, AND RETALIATION | (LEGAL) |

The District may develop and implement a sexual harassment policy to be included in the District improvement plan.  The District shall adopt and implement a dating violence policy to be included in the District improvement plan.  *Education Code 37.083, 37.0831* [See BQ]

Sexual abuse of a student by an employee, when there is a connection between the physical sexual activity and the employee's duties and obligations as a District employee, violates a student's constitutional right to bodily integrity.  Sexual abuse may include fondling, sexual assault, or sexual intercourse.  *U.S. Const. Amend. 14;* Doe v. Taylor ISD*, 15 F.3d 443 (5th Cir. 1994)*

Sexual harassment of students may constitute discrimination on the basis of sex in violation of Title IX.  *20 U.S.C. 1681; 34 CFR 106.11;* Franklin v. Gwinnett County Schools*, 503 U.S. 60 (1992)* [See FB regarding Title IX]

**DEFINITION OF SEXUAL HARASSMENT**

Sexual harassment of students is conduct that is so severe, pervasive, and objectively offensive that it can be said to deprive the victim of access to the educational opportunities or benefits provided by the school.  Sexual harassment does not include simple acts of teasing and name-calling among school children, however, even when the comments target differences in gender.  Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629 (1999)*

**EMPLOYEE- STUDENT SEXUAL HARASSMENT**

A District official who has authority to address alleged harassment by employees on the District's behalf shall take corrective measures to address the harassment or abuse.  Gebser v. Lago Vista ISD*, 118 S.Ct. 1989 524 U.S. 274 (1998);* Doe v. Taylor ISD*, 15 F.3d 443 (5th Cir. 1994)*

**STUDENT-STUDENT SEXUAL HARASSMENT**

The District must reasonably respond to known student-on-student harassment where the harasser is under the District's disciplinary authority.  Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629 (1999)*