**19 FAB 33**

**116 LRP 6101**

## Letter to Anonymous
## Family Policy Compliance Office

N/A

## September 29, 2015

**Judge / Administrative Officer**

**Dale King, Director**

### Ruling

The parent of a student involved in a disciplinary incident could not access a statement by a student who observed the incident without the approval of that student's parent if it would reveal personally identifiable information. However, explained FPCO, the parent of the disciplined student could ask the district for a general explanation of the contents of the document as it relates to the student.

### Meaning

The parent of a student who is the subject of a witness' statement may not access that statement if doing so would reveal the witness' identity. The only exception would be if the parent of the witness consents to such disclosure. Here, FERPA would prohibit the district from providing the parent of a disciplined student access to a "student event report" describing the incident if it would disclose the identity of the witness. However, the district could generally inform the parent what the record says about the parent's child.

### Case Summary

Although a parent wasn't entitled to access a witness' statement in the wake the parent's son's alleged disciplinary infraction, the parent could ask the district what the record says. FPCO recommended that the parent seek an explanation from the district regarding the information in the report about the parent's son and to contact FPCO if the parent doesn't receive a timely response. FPCO stated that in situations in which an education record contains information directly related to more than one student, "the parent may inspect and review or be informed of only the specific information in the record about the student that is his or her child," FPCO Director Dale King wrote. However, if the information about the students cannot be separated easily and remain intelligible, then each parent has the right to inspect and review the information. In this case, FPCO stated, the records, which the parent referred to as a "student event report," appeared to contain information about the student and the witness. If disclosing the information would disclose who the witness was, then FERPA would not permit the parent to access the report unless the parent of the witness consented, said FPCO. "In this type of situation ... a school could only generally inform a parent what the record says about their child, absent consent from the parents of the other students to which the records relate," Director King wrote.

### Full Text

Dear [ ]:

This is to respond to your April 9, 2015, complaint form to this office in which you allege that rights afforded you under the Family Educational Rights and Privacy Act (FERPA) were violated by the [ ] (District) when it did not provide you with access or copies of certain of your son's education records and when it failed to amend your son's education records in response to your requests. In your letter, you also appear to believe that the District violated State education statutes. Please note this office does not administer State laws and you may wish to contact the appropriate State official to address such matters. This office administers FERPA, which addresses issues pertaining to education records.

FERPA is a Federal law that gives parents the right to have access to their child's education records, the right to seek to have the records amended, and the right to have some control over the disclosure of information from the records. The term "education records" is defined as those records directly related to a student and maintained by an educational agency or institution or by a party acting for the agency or

institution. Enclosed is a FERPA guidance document for parents.

Under FERPA, a school must provide a parent with an opportunity to inspect and review his or her child's education records within 45 days of the receipt of a request. A school is required to provide a parent with copies of education records or make other arrangements when a failure to do so would effectively prevent the student from obtaining access to the records. A case in point would be a situation in which the parent does not live within commuting distance of the school. It appears that you live within commuting distance of the District and therefore it would be required to provide you an opportunity to inspect and review your child's education records, although it may provide you with copies.

FERPA provides that if the education records of a student contain information on more than one student, the parent may inspect and review or be informed of only the specific information in the record about the student that is his or her child. However, there may be information in an education record that is directly related to two or more students and which cannot be separated easily and remain intelligible to a parent. In such a case, FERPA gives each parent of a student to which such information is directly related, the right to inspect and review the information. For example, if the information in an education record is directly related to two students and cannot be separated easily, both students' parents would have the right to inspect and review the information. However, FERPA would not permit a school to provide one parent with a copy of information in an education record that is directly related to two or more students, unless the other parent(s) gave written consent for providing the copy.

Based on the information in your letter, it appears that your son was the subject identified in another student's witness statement (which you appear to identify as a "Student Event Report". Thus, it appears the District may be maintaining records that contain certain information that is directly related to both your son and the witness, and which may not be able to be disclosed to you without identifying the witness. If this is the case, the District would not be permitted by FERPA to provide you with access to the Student Event Report it maintains unless parent of the witness provided consent for the disclosure. In this type of situation, as explained above, a school could only generally inform a parent what the record says about their child, absent consent from the parents of the other students to which the records relate.

This office investigates those timely complaints that contain specific allegations of fact giving reasonable cause to believe that a school has failed to comply with FERPA. A timely complaint is defined as one that is submitted to this office within 180 days of the date that the complainant knew or reasonably should have known of the alleged failure to comply with FERPA.

In order to exercise your right to inspect and review your son's education records, I suggest you submit another written request to the appropriate official at the District requesting that this District provide you an explanation for what information the Student Event Report contains about your son, assuming you have not done so. If the District fails to do so within 45 days of receipt of your request, you may contact this office again. At such time, please provide us with a dated copy of your letter to the school and any response received. Also, you should again complete the enclosed complaint form including the nature of the education records you are seeking, the date on which you requested access to the records, the name of the official to whom your requests were made, the response of that official if any, and the specific nature of the education records requested. We will review the information you submit and take any appropriate action.

With regard to your amendment requests, FERPA generally affords a parent the opportunity to seek to amend education records which the parent believes to contains information that is inaccurate or misleading. While a school is not required to amend a record in accordance with a parent's request, it is required to consider the request for amendment of an

education record, to inform the parent of its decision, and if the request is denied, to advise the parent of the right to a hearing on the matter. If, as a result of a hearing, a school decides not to amend the record, then the parent has the right to insert a statement in the record setting forth his or her views. That statement must remain with the record for as long as the record is maintained.

This right is not unlimited, however, and a school is not required by FERPA to afford a student the right to seek to change substantive decisions made by school officials, such as grades or other evaluations of a student. This fact is indicated in the legislative history of FERPA. The primary source of legislative history regarding FERPA is contained in the "Joint Statement in Explanation of Buckley/Pell Amendment," Volume 120 of the Congressional Record, pages 39862-39866. The Joint Statement states that FERPA was *"not intended to overturn established standards and procedures for the challenge of substantive decisions made by an educational institution."* (Emphasis added.) FERPA was intended to require only that educational agencies and institutions conform to fair recordkeeping practices and not to override the accepted Standards and procedures for making academic assessments, disciplinary rulings, or placement determinations. Thus, while FERPA affords students the right to seek to amend education records which contain inaccurate information, this right cannot be used to challenge a grade, an individual's opinion, or a substantive decision such as decisions involving disciplinary matters.

Based on the information you provided this office, it appears you believe the District should amend your son's disciplinary records but you do not explain how the information contained therein is inaccurate. As discussed above, FERPA's amendment provision does not apply to seeking to amend opinions or substantive decisions of school officials, which can include disciplinary records, even if the parent disagrees with those decisions. Accordingly, no basis exists for this office to investigate your allegation that the District violated FERPA when it did not comply with your requests to amend the opinions or statements about your son or give you an opportunity for a hearing on the matter.

I trust this response and the information enclosed adequately explains the scope and limitations of FERPA as it pertains to your concerns.