**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **CAMRON SNEED,** | § | |
| | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| | § | |
| **v.** | § | **C.A. NO.:  1:19-cv-608** |
| | § | **Jury Trial** |
| **AUSTIN INDEPENDENT** | § | |
| **SCHOOL DISTRICT,** | § | |
| | § | |
| *Defendant.* | § | |

**PLAINTIFF'S PROPOSED CONCLUSIONS OF LAW**

Plaintiff files her Proposed Conclusions of Law, and shows as follows:

1. Title VI of the Civil Rights Act of 1964 provides that "No person in the United States shall, on the ground of race, color or national origin, be excluded from participation in, or denied benefits of, or be subject to discrimination under, any program or activity receiving Federal financial assistance." 42 U.S.C. Sec. 2000(d).
2. Austin ISD received Federal financial assistance at all times material herein, and is therefore subject to the requirements of this Title VI claim.
3. Camron Sneed is an African American female, subject to the protections of Title VI.
4. To prevail on her claim of Title VI racial discrimination,  Camron Sneed must prove (*Fennell v. Marion ISD*,  804 F.3d  398, 408-410 (5th Cir. 2015)):
   a. **Racially Hostile Environment**: The student on student racial harassment was so severe, pervasive, and objectively offensive that it can be said to deprive her of access to educational opportunities or benefits provided by Austin ISD.
      1. Name calling with discriminatory connotations satisfies the "severe and pervasive" element.  *Patterson v. Hudson Area Sch.*, 551 F.3d 438 (6th Cir. 2009).
      2. "There is no question…that repeatedly being referred to by one's peers by the most noxious racial epithet in the contemporary American lexicon, and being shamed and humiliated on the basis of one's race is harassment far beyond normal schoolyard teasing and bullying." *Fennell*, 804 F.3d. at 409.

PLAINTIFF'S CONCLUSIONS OF LAW

3. Racist attacks do not need to be directed at the plaintiff in order to establish the requisite racially hostile environment.  _Fennell_, 804 F. 3d at 409; Dkt. # 77,83; _Monteiro v. Tempe Union High School Dist_.,  158 F. 3d 1022, 1033 (9th Cir. 1998).

4. Harassment must have a concrete, negative effect on the victim's education.  _Fennell_, 804 F.3d at 410.

   i. Consideration of changing schools is such a deprivation of equal education. Dkt. # 77, 83.

   ii. "The fact that Plaintiff made the most out of her high school experience despite repeated harassment does not negate the possibility that her access to school benefits and educational opportunities were reduced, or less than her peers." Dkt. #77,83.

   iii. Suffering anxiety and other mental or physical manifestation of student on student harassment deprives the victim of full access to school benefits and educational opportunities.  _See Fennell,_ 804 F.3d at 410.

   iv. Creating a "disparately hostile education environment relative to a student's peers" may be construed as a deprivation of educational benefits or opportunities.  _Zeno_, 702 F.2d at 666.

b. **Knowledge/Control**: AISD had actual notice of the harassment, and had control over the harasser and the environment in which the harassment occurred.

   1. AISD has "actual knowledge" if an AISD employee has such knowledge, has the power to halt the abuse, and has supervisory power to monitor the conduct of other employees.  _Rosa H. v. San Elizario ISD_, 106 F.3d 648,659,660  (5th Cir., 1997).

   2. "Appropriate persons" who impute actual knowledge to AISD include school board members, superintendent, associate/assistant superintendents, principals, and associate/assistant principals.  See _Rosa H._ ,supra.

   3. A school district "exercises substantial control over the circumstances of harassment when it occurs 'during school hours on school grounds' ".  _Zeno v. Pine Plains Cent. Sch. Dist.,_ 702 F.3d 655, 664 (2nd Cir. 2012), citing _Davis v. Monroe County Board of Education_, 526 U.S, 629, 646 (1999), or in any situation in which a school has disciplinary oversight over its students.  _Zeno_, 702 F.3d at 665 (citing _New Jersey v. TLO_, 469 U.S. 325,342, n.2 (1985).

4. "Because school officials are charged with prescribing and controlling conduct in the schools, the District had oversight over the harassers. Hence, the District had "substantial control" over the harassment." *Zeno*, 702 F.3d at 667.

c. **Deliberate Indifference**: AISD was clearly unreasonable in light of the known circumstances. *Vance v. Spencer County Public Schools,* 231 F.3d 253 (6th Cir. 2000).

1. A court may look at the history of other racially hostile events. *Fennell v. Marion ISD*, 804 F.3d 398. 402-403, 409 (5th Cir. 2015)
2. The court should look at the totality or constellation of circumstances. *Davis v. Monroe*, 526 US 629, 651 (1999)
3. "Where a school district has actual knowledge that its efforts to remediate are ineffective, and it continues to use those same methods to no avail, such district has failed to act reasonably in light of the known circumstances." *Vance*, 231 F. 3d at 261.
4. Even if a particular set of facts of race based harassment and its related Title VI claim are dismissed, the Court, to determine whether there was a hostile educational environment, must consider the totality of the circumstances, Davis v. Monroe, 526 U.S. 629, 654 (1999) ***which rejects the disaggregation of the allegations and requires that the alleged incidents cumulatively have resulted in a hostile educational environment***. Zeno v. Pine Plains Central Sch. District, 2009 U.S. Dist. LEXIS 42848 *; 2009 WL 1403935, at *233 (S.D. NY, 2009); jury verdict and attorneys fees award affirmed at 702 F. 3d 655 (2nd Cir. 2012).

5. Camron Sneed is entitled to recover damages proximately caused by AISD's violations of Title VI herein.

6. Camron Sneed is may recover the following damages:
   a. Reasonable attorneys fee and court costs;
   b. Past/future mental anguish;
   c. Past/future mental impairment; and
   d. Economic damages including past/future medical/psychological treatment

expenses.

Wherefore, premises considered, Plaintiff submits these proposed Conclusions of Law set out herein.  Plaintiff requests such other relief to which she may entitled at law, or in equity.

Respectfully submitted,

*/s/ ANTHONY O'HANLON*
**Anthony O'Hanlon**
**Anthony O'Hanlon, P.C.**
State Bar No. 15235520
Federal ID: 3122684
Attorney and Counselor at Law
Anthony O'Hanlon, P.C.
111 South Travis Street
Sherman, Texas 75090
(903) 892-9133 (telephone)
(903) 957-4302 (fax)
aohanlon@somlaw.net
**ATTORNEY FOR PLAINTIFFS**

**Martin Cirkiel**
**CIRKIEL & ASSOCIATES, P.C.**
State Bar No. 00783829
Fed. ID # 21488
1901 E. Palm Valley Blvd.
Round Rock, Texas 78664
(512) 244-6658 [Telephone]
(512) 244-6014 [Facsimile]
marty@cirkielaw.com
**ATTORNEY FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that on November 10, 2020, I hereby certify that a true and correct copy of the above and foregoing document has been electronically served on all counsel of record.

PLAINTIFF'S CONCLUSIONS OF LAW

*/s/ Anthony O'Hanlon*
Anthony O'Hanlon

PLAINTIFF'S CONCLUSIONS OF LAW