IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

2021 SEP 27 PM 1: 11

CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY _____
DEPUTY

| | | |
|---|---|---|
| CAMRON SNEED, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CAUSE NO. 1:19-CV-608-LY |
| | § | |
| AUSTIN INDEPENDENT SCHOOL | § | |
| DISTRICT, | § | |
| DEFENDANT. | § | |

## ORDER

Before the court is Plaintiff's Motion for Reconsideration Pursuant to Rule 59(e) filed

September 2, 2021 (Doc. #142), Defendant's Response to Plaintiff's Motion for Reconsideration

filed September 15, 2021 (Doc. #143), and Plaintiff's Reply to Defendant's Response filed

September 23, 2021 (Doc. #144).  Plaintiff Camron Sneed seeks reconsideration of this court's

July 28, 2021 Findings of Fact and Conclusions of Law and Final Judgment (Docs. #135, #136).[1]

Motions for reconsideration are made pursuant to Rule 59(e) of the Federal Rules of Civil

Procedure.  *See Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004).  Rule 59(e)

"serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to

present newly discovered evidence." *Waltman v. International Paper Co.*, 875 F.2d 468, 473 (5th

Cir. 1989) (internal quotations omitted).  Additionally, relief under Rule 59(e) is appropriate when

there has been an intervening change in the controlling law.  *Schiller v. Physicians Res. Group,*

*Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).  A motion for reconsideration is not the proper vehicle for

---

[1] Though Plaintiff's motion for reconsideration begins by asking the court to reconsider
the magistrate judge's Report and Recommendation filed August 31, 2020 (Doc. #76) and the
magistrate judge's Order and Report and Recommendation filed September 11, 2020 (Doc. #77),
the motion's main arguments and conclusion refer to the court's Findings of Fact and Conclusions
of Law (Doc. #135) and Final Judgment (Doc. #136), and therefore the court will address these
documents.  Moreover, the court notes that the deadline for filing a motion to reconsider the report
and recommendations has long passed.  *See* FED. R. CIV. P. 59(e).

rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of the court's order. *See Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). Reconsideration of an order is an extraordinary remedy that should be used sparingly. *See Templet*, 367 F.3d at 479.

Having considered the arguments raised in the motion for reconsideration, the court finds that there has been no showing that the court's July 28, 2021 Findings of Fact and Conclusions of Law and Final Judgment included any manifest errors of law or fact or that there has been presented any newly discovered evidence. Thus, the court will deny Plaintiffs' motion for reconsideration.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration Pursuant to Rule 59(e) filed September 2, 2021 (Doc. #142) is **DENIED**.

Signed this _____ day of September, 2021.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE